Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TANISHA ROLLINS, ADMINISTRATOR AD PROSEQUENDUM, on behalf of ESTATE OF JAMMIE NAJIER SALAAM,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>*Defendants*. | Civil Action No. 18-14473<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendant the City of Newark's ("Newark") motion to dismiss for failure to state a claim. D.E. 9. Plaintiff Tanisha Rollins, *administrator ad prosequendum* on behalf of the Estate of Jammie Najier Salaam, filed a brief in opposition, D.E. 12, to which Defendant replied, D.E. 13.[1] The Court reviewed the parties' submissions and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED in part and DENIED in part**.

---

[1] Defendant's brief in support of its motion (D.E. 9-1) will be referred to as "Def. Br."; Plaintiff's opposition brief (D.E. 12) will be referred to as "Plf. Opp."; and Defendant's reply brief (D.E. 13) will be referred to as "Def. Reply."

## I. FACTUAL[2] AND PROCEDURAL BACKGROUND

On September 30, 2016, unnamed Newark Police Officers allegedly shot and killed Jammie Najier Salaam. FAC ¶¶ 17-18, D.E. 7. The Estate of Jammie Najier Salaam filed suit on September 30, 2018 asserting claims against Newark, the City of Newark Police Department ("Newark PD"), and a number of unnamed parties. D.E. 1. Defendant filed a motion to dismiss, arguing that the Complaint should be dismissed because the named Plaintiff, the estate of Jammie Najier Salaam, was not a proper party. D.E. 3. On June 14, 2019, the Court granted Defendant's motion because the Estate lacked standing to assert any of the claims alleged in the Complaint. The Court granted Tanisha Rollins, *administrator ad prosequendum*, leave to file an amended complaint that addressed the noted deficiencies. D.E. 6.

Plaintiff filed an Amended Complaint (the "FAC") on July 3, 2019. D.E. 7. Plaintiff asserts a 42 U.S.C. § 1983 excessive force claim against unnamed Newark Police Officer Defendants (Count One); § 1983 *Monell* claims against Newark (Counts Two and Three); a § 1983 supervisory liability claim (Count Four); a wrongful death claim (Count Five); and a claim for violations of the New Jersey Constitution (Count Six). The FAC again asserts claims against Newark, the Newark PD, and multiple unnamed Newark PD officers and entities. D.E. 7. Defendant subsequently filed the instant motion to dismiss. Defendant seeks to dismiss certain claims on the merits, pursuant to Rule 12(b)(6), and also seeks to dismiss the FAC in its entirety, pursuant to Rule 17, because Plaintiff took too long to substitute herself as Plaintiff in this matter. D.E. 9.

---

[2] The factual background is taken from Plaintiff's Complaint. D.E. 1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## II. DISMISSAL PURSUANT TO RULE 17

Federal Rule of Civil Procedure 17 requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The Rule expressly prohibits courts from "dismiss[ing] an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Determination of the "reasonable time" aspect of Rule 17(a)(3) is a matter of judicial discretion. *See, e.g.*, 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1555 (3d ed. 2019). The origin of Rule 17 is permissive in nature, and the reasonable time language was "added simply in the interests of justice." Fed. R. Civ. P. 17, Advisory Committee Note (1966 Amendments). The Note further provides that:

> Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.

*Id.*

Defendant's argument for dismissal pursuant to Rule 17 can be distilled as follows: Plaintiff should have sought leave to amend to substitute the proper Plaintiff as soon as the issue was identified rather than waiting for the Court to decide the prior motion to dismiss. *See* Def. Br. at 6. While Defendant correctly points out that Plaintiff could have simply amended the Complaint, Defendant points to no evidence suggesting that Plaintiff intended to circumvent Rule 17(a) or that the initial failure to bring suit by a proper party was anything but a reasonable mistake. Moreover, the Court expressly gave Plaintiff leave to file an amended complaint that substituted

3

the correct Plaintiff, and Plaintiff did so in a timely fashion. As a result, the Court will not dismiss the FAC pursuant to Rule 17.

### III. DISMISSAL PURSUANT TO RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

#### 1. Claims Against the Newark PD

Defendant first argues that the FAC should be dismissed as to the Newark PD because it is not a proper party. Def. Br. at 8. Plaintiff appears to concede that the Newark PD is not a proper party but argues that the claims against it should not be dismissed with prejudice. Plf. Opp. at 5.

Plaintiff cannot assert § 1983 or tort claims against the Newark PD because it is not a proper party; Newark is the correct party. *See, e.g.*, *Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (dismissing Section 1983 and tort claims against the Newark Police Department because it is "merely an administrative arm of the local municipality" and not an entity that was subject to suit) (quoting *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)). And while Plaintiff contends that the claims against the Newark PD should be dismissed without prejudice, Plaintiff provides no legal authority to support her argument. Accordingly, these claims are dismissed with prejudice.

### 2. Punitive Damages

Defendant contends that Plaintiff's claim for punitive damages must be dismissed as to it because Plaintiff cannot recover punitive damages against a municipal entity. Def. Br. at 8. In her opposition brief, Plaintiff explains that her claims for punitive damages are "directed toward the individual defendants." Plf. Opp. at 5. Because Plaintiff cannot recover punitive damages from Newark for her asserted claims and states that she did not intend to do so, Plaintiff's punitive damages claims are dismissed as to Newark. *See Vandegrift v. Bowen*, No. 07-2623, 2009 WL 1913412, at *6 (D.N.J. June 30, 2009) (holding that punitive damages are not available against a municipality under the NJCRA); *Joyce v. City of Sea Isle City*, No. 04-5345, 2008 WL 906266, at *25 (D.N.J. Mar. 31, 2008) ("Municipalities are immune from punitive damages on § 1983 and § 1985 claims."); *Mantz v. Chain*, 239 F. Supp. 2d 486, 508 (D.N.J. 2002) (finding that the "TCA expressly bars recovery of punitive damages against public entities").

### 3. *Monell* Liability

Next, Defendant maintains that Plaintiff's *Monell* claims must be dismissed because they are conclusory. Def. Br. at 9-12. The Court agrees. While a municipality or local governing body

5

may be liable under § 1983, it cannot be held liable under a theory of *respondeat superior*. *Monell v. Dept. of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, a municipality may be liable under Section 1983 "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted). "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotations and citations omitted).

A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. To plead such a claim, a plaintiff "must demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798, 800 (3d Cir. 2019) (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). For claims involving police officers, the alleged failure can only serve as a basis for § 1983 liability where it "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference is plausibly pled by showing that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

The FAC asserts two separate *Monell* claims; both of which, in essence, plead that Newark failed to properly train and supervise its police officers. FAC ¶¶ 30-43. For both counts, Plaintiff's *Monell* claims are pled in a conclusory fashion and contain no specific factual allegations. For example, Plaintiff fails to identify any similar incidents to evidence a history of misconduct within the police department.[3] Conclusory recitations of the elements of a *Monell* claim are insufficient. As a result, Counts Two and Three are dismissed. *See, e.g.*, *Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing the claim against the city because the plaintiff failed to plead adequate facts demonstrating the existence of a policy or custom).

Defendant also seeks to dismiss Plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment claims asserted in Count One. Def. Br. at 5-8. As discussed, a municipality can only be liable under § 1983 via a *Monell* claim, and as pled, Plaintiff fails to assert a *Monell* claim. Count One, therefore, is dismissed as to Newark and the Court need not address the parties' arguments as to any specific constitutional violations.

### 4. *Respondeat Superior* Claim

Defendant also argues that Plaintiff fails to state a *respondeat superior* claim against Newark. Def. Br. at 8. Plaintiff maintains that she does not plead a *respondeat superior* claim in

---

[3] While not explicitly pled, Plaintiff also fails to establish deliberate indifference under a single incident theory. In some instances, "the need for training can be said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir. 2014) (citing *City of Canton, Ohio*, 489 U.S. at 390 n. 10). "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Id.* at 223-24 (quoting *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). Without sufficient factual allegations, the Court has no basis to conclude that a constitutional violation occurred, let alone that the single incident demonstrates deliberate indifference.

7

the FAC. Plf. Opp. at 6. Count Four, however, is entitled "Violation of 42 U.S.C. § 1983 Supervisory Liability Respondent [sic] Superior." FAC at 10.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 676). Rather, a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the constitution." *Id*. (quoting *Iqbal*, 556 U.S. at 676). "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Again, the FAC lacks any factual allegations to support this claim. Plaintiff fails to plead any facts by which the Court could infer that any supervisor had the requisite knowledge or involvement to support a § 1983 supervisory liability claim. Accordingly, Count Four is dismissed.

IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant's motion to dismiss. Defendant Newark Police Department and Plaintiff's claims for punitive damages as to the City of Newark are dismissed with prejudice. Plaintiff's § 1983 claims as to the City of Newark are dismissed without prejudice and Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended complaint within that time, the claims dismissed without prejudice will be dismissed

with prejudice. An appropriate Order accompanies this Opinion.

Dated: March 31, 2020

_____
John Michael Vazquez, U.S.D.J.