**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TANISHA ROLLINS, ADMINISTRATOR AD PROSEQUENDUM, on behalf of ESTATE OF JAMMIE NAJIER NELSON,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>*Defendants*. | Civil Action No. 18-14473<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendant the City of Newark's ("Newark") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 17. Plaintiff Tanisha Rollins, *administrator ad prosequendum* on behalf of the Estate of Jammie Najier Salaam, filed a brief in opposition to Defendant's motion.[1] D.E. 20. The Court reviewed the parties' submissions and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

---

[1] Defendant's brief in support of its motion (D.E. 17-1) will be referred to as "Def. Br."; and Plaintiff's opposition brief (D.E. 20) will be referred to as "Plf. Opp.".

## I.    FACTUAL[2] AND PROCEDURAL BACKGROUND

On September 30, 2016, unnamed Newark Police Officers allegedly shot and killed Jammie Najier Nelson. SAC ¶¶ 17-18. The Estate of Jammie Najier Nelson filed suit on September 30, 2018 asserting claims against Newark, the Newark Police Department ("Newark PD"), and a number of unnamed parties. D.E. 1. Defendant filed a motion to dismiss, arguing that the named Plaintiff, the Estate of Jammie Najier Nelson, was not a proper party. D.E. 3. On June 14, 2019, the Court granted Defendant's motion because the Estate lacked standing to assert any of the alleged claims. The Court granted Tanisha Rollins, *administrator ad prosequendum*, leave to file an amended complaint that addressed the noted deficiencies. D.E. 6.

Plaintiff filed the Amended Complaint (the "FAC") on July 3, 2019. D.E. 7. Plaintiff asserted a 42 U.S.C. § 1983 excessive force claim against unnamed Newark Police Officer Defendants (Count One); § 1983 *Monell* claims against Newark (Counts Two and Three); a § 1983 supervisory liability claim (Count Four); a wrongful death claim (Count Five); and a claim for violations of the New Jersey Constitution (Count Six). The FAC asserted claims against Newark, the Newark PD, and multiple unnamed Newark PD officers and entities. D.E. 7. Defendants subsequently filed a motion to dismiss, D.E. 9, which was granted in part and denied in part on March 31, 2020, D.E. 14, 15. The Court dismissed (1) the Newark PD as a party, (2) Plaintiff's claims for punitive damages as to the City of Newark, and (3) the § 1983 claims as to Newark without prejudice. D.E. 15. The Court provided Plaintiff leave to file an amended complaint, *id.*, which Plaintiff filed on April 21, 2020, D.E. 16.

---

[2] The factual background is taken from Plaintiff's Second Amended Complaint (the "SAC"). D.E. 16. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

The SAC again asserts claims against Newark, the Newark PD, and multiple unnamed Newark PD officers and entities. Plaintiff asserts the same claims in the SAC as the FAC, albeit in a slightly different order and with some additional allegations, as discussed below. Defendant filed the instant motion to dismiss on April 28, 2020, which seeks to dismiss the claims asserted against Newark. D.E. 17.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

#### A. Previously Dismissed Claims

Defendant first seeks to dismiss claims and parties that this Court previously dismissed in the March 31 Opinion. Def. Br. at 18. The Court previously dismissed, with prejudice, Plaintiff's claims against the Newark PD and for punitive damages as to Newark. Mar. 31, 2020 Opinion at 4-5. "A 'dismissal with prejudice' means that a claim is *conclusively* dismissed, and the court denies the litigant an opportunity to re-plead that claim." *Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at *5 n.9 (D.N.J. Nov. 21, 2014). Defendant's motion, therefore, is granted on these grounds.

Defendant also seeks to dismiss Plaintiff's § 1983 supervisory liability claim (Count Five) because it too was dismissed in the March 31 Opinion. Def. Br. at 18. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 676). Rather, a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the constitution." *Id.* (quoting *Iqbal*, 556 U.S. at 676). "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Like the FAC, the SAC lacks factual allegations to support this claim. Accordingly, Count Five is dismissed. Plaintiff seemingly made no effort to address the shortcomings identified in the FAC, as the supervisory liability claims in the FAC and the SAC are identical. The Court, therefore, infers that Plaintiff is unable to plead sufficient facts to support this claim. As a result, any potential amendment would

be futile and this claim is dismissed with prejudice. *See Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000) (explaining that when dismissing a claim, a court must grant leave to amend "absent evidence that amendment would be futile or inequitable").

### B. *Monell* Liability

Defendant next asserts that Plaintiff's *Monell* claims must be dismissed because they are conclusory. Def. Br. at 9-24. Like supervisors, a municipality or local governing body cannot be held liable under a theory of *respondeat superior* for § 1983 claim. *Monell v. Dept. of Social Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Instead, a municipality may be liable under § 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted). "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id*. (internal quotations and citations omitted).

A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. To plead such a failure-to claim, a plaintiff must demonstrate that a city's failure "reflects a deliberate or conscious choice." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798, 800 (3d Cir. 2019) (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). For claims involving police officers, the alleged failure can only serve as a basis for § 1983 liability where it "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019) (explaining that *Monell* claim that is "predicated on a

failure or inadequacy has the separate, but equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality"). Deliberate indifference is plausibly pled by showing that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Roman*, 914 F.3d at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

The SAC asserts two separate *Monell* claims, both of which are premised on a theory of Newark's failures or inadequacies in training and supervising. In Count Three, Plaintiff pleads that Newark failed to properly train and supervise its police officers. SAC ¶¶ 36-38. But the count is pled in a conclusory fashion and contains no specific factual allegations. For example, Plaintiff fails to identify any similar incidents as evidence of a history of misconduct within the police department. Conclusory recitations of the elements of a *Monell* claim are insufficient. As a result, Count Three is dismissed. *See, e.g.*, *Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing the claim against the city because the plaintiff failed to plead adequate facts demonstrating the existence of a policy or custom).

In Count Four, Plaintiff's *Monell* claim is premised on Newark's failure to implement appropriate practices and procedures regarding supervision, police misconduct, and the use of force. SAC ¶¶ 39-56. In Count Four, Plaintiff pleads additional facts that, at the pleading stage, are sufficient to state a *Monell* claim. First, Plaintiff pleads that Newark failed to maintain an adequate structure for risk containment and stress management for its police officers, such that supervisory personnel could not effectively evaluate individual police officers to determine if they presented a risk to the public. SAC ¶ 42. As a result of this failure, Plaintiff alleges, the individual

police officer involved in this incident "believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated." *Id.* ¶ 43.

Plaintiff further appears to allege that a Department of Justice ("DOJ") Investigation into the use of excessive force by Newark police officers and a resulting consent decree is evidence of Newark's failure to appropriately supervise its police officers. *Id.* ¶ 50. Although Plaintiff did not include a copy of the investigative report or consent decree as exhibits to the SAC, Defendant included both documents as exhibits to its motion to dismiss.[3]  *See* Certification of Counsel ("Counsel Cert."), Exs. A-B. Because Plaintiff relies on both documents to establish her *Monell* claim, the Court can consider the documents in deciding this motion to dismiss. *See Roman*, 914 F.3d at 797-98 (explaining that in deciding a Rule 12(b)(6) motion to dismiss a court can consider documents incorporated into the complaint by reference). The investigative report and consent decree evidence a pattern and history of constitutional violations involving the use of force and the repeated failure to train and supervise officers on the appropriate use of the force. In the investigative report, the Department of Justice ("DOJ") recognized the Newark Police Department's use of unreasonable force. DOJ also determined that Newark's review of incidents involving the use of deadly force fell "strikingly short of generally accepted police practices" such that "there is no possibility of holding officers accountable, or determining whether there were training or other failures." Counsel Cert., Ex. B at 29-30. Because of these findings, the consent

---

[3] The July 22, 2014 DOJ Investigative Report was the result of an investigation that began in May 2011, after the DOJ "received serious allegations of civil rights violations by the NPD [Newark Police Department], including that NPD subjects Newark residents to excessive force, unwarranted stops, and arrests, and discriminatory police actions." Counsel Cert., Ex. B at 1. The Investigative Report "led to" the May 2016 Consent Decree between Newark and the DOJ. *Roman*, 914 F.3d at 797.

decree established protocols for reporting and reviewing the use of force within the Newark PD; appropriate protocols did not previously exist. *Id.* Ex. A. at 31-37.

Defendant argues that Plaintiff's reference to prior practices discussed in the investigative report are insufficient to establish a municipal policy or custom in 2016. Def. Br. at 21. The investigative report addressed policing practices in 2010 and 2011, and Newark entered into the consent decree in May 2016. *See Roman*, 914 F.3d at 797; *see also* Counsel Cert., Ex. A at 1 (stating that the parties were entering into the consent decree "with the goals that police services delivered to the people of Newark fully comply with the Constitution and the laws of the United States, promote public and officer safety, and increase public confidence in the . . . Newark Police Division"). The incident at issue here occurred on September 30, 2016. SAC ¶ 17. At the motion to dismiss stage, it is plausible to infer that shortcomings that led to the consent decree had not yet been remedied (or at least fully remedied) less than six months after the decree was executed. Consequently, the Court concludes that pattern of police misconduct discussed in the investigative report is relevant, for pleading purposes, to Plaintiff's *Monell* claim.

Plaintiff's allegations are further bolstered by her discussion of a *Pro Publica* report that analyzed the use of force by police departments throughout New Jersey between 2012 and 2016. SAC ¶¶ 51-53. The Newark Police Department's use of force rate was higher than 255 other police departments in the state. Moreover, a weapon was fired in 2.2% of cases, "which was higher than the rest of the state which was .5%." *Id.* ¶¶ 51-53. While Newark argues that these statistics demonstrate that Newark police officers are "entirely average" in their use of force, Def. Br. at 22, the Court disagrees. These statistics are sufficient to establish, at the motion to dismiss stage, that Newark had a higher use of force rate than many other police departments in the state, especially

with respect to the use of force involving a weapon. In short, these statistics provide further support of a pattern and history of the improper use of force within the Newark PD.

The Court, however, disregards certain of Plaintiff's allegations in Count Four. First, Plaintiff makes passing reference to three cases in which § 1983 failure to train and supervise claims were asserted against the City of Newark. Plaintiff provides three cases names but provides no details as to any of the claims asserted in those cases. SAC ¶ 54. Even if Plaintiff did provide further details, Plaintiff appears to rely solely on allegations, as no judgments were entered for the *Monell* claims asserted in any of these matters. The simple fact that *Monell* claims have been asserted against Newark in other cases does not support Plaintiff's *Monell* claim in this instance.

Plaintiff also alleges that an incident involving a Newark Police Officer Jovanny Crespo further demonstrates Newark's improper training and supervision. Yet Plaintiff acknowledges that the Crespo incident occurred after the wrongdoing alleged here. SAC ¶ 55. To sufficiently plead deliberate indifference, a plaintiff must allege, among other things, that there was a *history* of employees mishandling a particular situation. *Roman*, 914 F.3d at 798. Accordingly, the Court does not consider the Crespo incident as to Count Four.

In sum, when considering Plaintiff's allegations regarding the specific misconduct alleged here, together with the DOJ investigative report, the consent decree, and the *Pro Publica* statistics, the Court concludes that Plaintiff sufficiently states a *Monell* claim in Count Four. Defendant's motion is denied as to the fourth count.

### C. Section 1983 Excessive Force Claim (Count Two)

Finally, Defendant contends that Plaintiff's Excessive Force claim should be dismissed to the extent it relies on violations of the Fifth, Sixth, Eighth and Fourteenth Amendments. Def. Br. at 25-27. To state a § 1983 claim, a plaintiff must demonstrate that (1) a person deprived her of a

9

right secured by the Constitution or federal law; and (2) the person who deprived her of that right acted under color of state law. *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *2 (D.N.J. July 29, 2016). But as discussed, a municipality can only be liable under § 1983 via a *Monell* claim. Ordinarily, the Court would not further address Defendant's argument because it does not actually pertain to Defendant. However, Plaintiff concedes that her Fifth, Sixth, Eighth and Fourteenth Amendments claims are not viable in this instance. Plf. Opp. at 13-14. As a result, to the extent that Count Two is premised on a violation of the Fifth, Sixth, Eighth and Fourteenth Amendments, it is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant's motion to dismiss (D.E. 17). An appropriate Order accompanies this Opinion.

Dated: October 22, 2020

_____
John Michael Vazquez, U.S.D.J.