UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ESTATE OF JAMMIE NAJIER SALAAM, et al.,** | **Civil Action No. 18-14473 (EP)** |
| **Plaintiffs,** | **OPINION AND ORDER** |
| v. | |
| **CITY OF NEWARK, et al.,** | |
| **Defendants.** | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendant City of Newark (the "City") to disqualify Counsel Dean R. Maglione, M. Anthony Barsimanto, and Nathaniel Davis from the representation of Plaintiff Tanisha Rollins as Administrator Ad Prosequendum on Behalf of the Estate of Jammie Najier Salaam ("Plaintiff") [Dkt. No. 51]. Plaintiff opposes the City's motion [Dkt. No. 55]. For the reasons set forth below, the City's motion [Dkt. No. 51] is **DENIED**.

**I.      BACKGROUND**

Procedural Background

The parties and the Court are all familiar with the facts underlying this matter and as such, they shall not be restated at length herein. Plaintiff initiated this action on September 30, 2018. *See* ECF No. 1. Plaintiff's Complaint in this matter claims excessive force and wrongful death relating to a September 30, 2016 incident in which Newark Police Officers allegedly shot and killed Jammie Najier Salaam. *See id.* Plaintiff's initial complaint did not name any individual officers as Defendants, instead using the placeholder John Does 1-10. *Id.*

Defendant filed its first Motion to Dismiss on October 28, 2018, *see* ECF No. 3, which the

Honorable John Michael Vazquez, U.S.D.J.,[1] granted without prejudice in an Order dated June 18, 2019. ECF No. 6. The order granted leave for the proper plaintiff to file an amended complaint within thirty days. *Id.* Plaintiff timely filed an Amended Complaint on July 3, 2019, *see* ECF No. 7, and Defendant again moved to dismiss the complaint on July 15, 2019. *See* ECF No. 9. On March 31, 2020, Judge Vazquez issued an Opinion and Order granting in part and denying in part Defendant's Second Motion to Dismiss and again granting leave to Plaintiff to file an amended complaint within thirty days. *See* ECF Nos. 14 and 15.

Plaintiff filed a Second Amended Complaint on April 21, 2020, ECF No. 16, and on April 28, 2020, Defendant again filed a Motion to Dismiss. ECF No. 17. Judge Vazquez decided the motion on October 22, 2020, granting in part and denying in part Defendant's Third Motion to Dismiss. ECF Nos. 21 and 22. Defendant then filed an Answer to the Second Amended Complaint on November 7, 2020. ECF No. 23.

On March 5, 2021, the Court entered a Pretrial Scheduling Order in this matter. ECF No. 27. As of the date of this Opinion and Order, fact discovery is ongoing. *See* ECF No. 48.

Meanwhile, on June 23, 2021, Plaintiff filed a second motion to amend the complaint to substitute John Does 1-10 for the relevant individual Defendants Officer Manuel Soto, Officer Mario Garcia, Officer Miguel Reseresio, and Officer Rachman Horton, but not Officer Tyrone Morton, despite Morton being identified as having been involved in the incident with decedent Salaam. See ECF No. 29; ECF No. 45 at 3 n.3. In the Letter Order granting the motion to amend on January 27, 2022, the Undersigned noted the peculiarity of excluding Officer Morton as a defendant. ECF No. 45 at 3 n.3.[2]

---

[1] The case was first reassigned to the Honorable Julien Xavier Neals, U.S.D.J., on July 12, 2021, and then to the Honorable Evelyn Padin, U.S.D.J., on July 13, 2022. *See* ECF Nos. 32 and 63.
[2] On February 4, 2022, Defendant timely filed an appeal of the Undersigned's January 27, 2022 Letter Order, which is currently awaiting decision by the Honorable Evelyn Padin, U.S.D.J. *See* ECF No. 47.

On February 3, 2022, attorneys Dean R. Maglione and M. Anthony Barsimanto from The Maglione Law Firm, P.C., entered appearances on behalf of Plaintiff, *see* ECF No. 46, and these attorneys participated in the telephone status conference with the Undersigned on this matter a day later, on February 4, 2022. Up until February 3, 2022, Plaintiff appears to have been represented solely and continuously by Nathaniel Davis and Mr. Davis continues to represent Plaintiff as co-counsel in this matter.

After the February 4, 2022 conference, on February 14, 2022, Plaintiff again filed a motion to amend the complaint, this time to add Officer Morton as a defendant, ECF No. 49.[3] A week later, on February 22, 2022, Defendant filed the instant motion seeking to disqualify all counsel currently representing Plaintiff – namely Dean R. Maglione, M. Anthony Barsimanto, and Nathaniel Davis. ECF No. 51.

<u>Conduct Underlying Defendant's Motion to Disqualify Plaintiff's Counsel</u>

In its motion to disqualify Plaintiff's counsel, the City outlines another civil rights case in which Mr. Maglione and his firm represent the plaintiff Cordell Tullis in a suit (the "*Tullis* Suit") brought against Newark Police Sergeant Tyrone Morton ("Morton"), the City of Newark (the "City"), and some of the same retired officers named as defendants in the instant action ("*Tullis* Defendants"). ECF No. 51-1 at 2. The *Tullis* Suit was initiated in New Jersey state court on September 11, 2017,[4] two years to the day after "a three-year-old child was struck and killed by a fleeing felon during a police pursuit involving the Newark Police." *Id.* Among other things, the *Tullis* Suit asserts a *Monell*[5] claim against the City "concerning the City's policies, customs and practices being the moving force behind what is alleged to have been an unlawful police pursuit."

---

[3] Plaintiff's Motion to Amend [ECF No. 49] will be addressed by the Undersigned in a separate Letter Order.
[4] *Estate of Rahmere Tullis v. City of Newark et. al.*, Docket No. ESX-L-6573-17 (Stecher, J.).
[5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

ECF No. 51-1 at 2. While Mr. Maglione and his firm represent the plaintiff in both the *Tullis* suit and the instant matter, the *Tullis* Defendants are not represented by the same counsel as Defendants in the instant *Salaam* matter. *Id.*

In the *Tullis* Suit, a Confidentiality Order was entered on September 28, 2018 that provided, among other things, that all confidential materials shall be "used solely in connection with [the *Tullis* Suit]." *Id.*; *see also* ECF No. 51-3. Pursuant to the Confidentiality Order and in connection with the plaintiff's *Monell* claim, Mr. Maglione obtained "internal affairs materials related to [the defendant officers], including the entire *Salaam* police shooting investigation." ECF No. 51-1 at 3. Additionally, on January 12, 2022 and February 9, 2022, Mr. Maglione deposed two of the defendant officers in the *Tullis* Suit and during the course of questioning asked the officers several questions related to the *Salaam* shooting underlying the instant suit. *Id.* at 4-8.

As stated above, on February 3, 2022, only three weeks after the deposition of Officer Tyrone Morton in the *Tullis* Suit, Mr. Maglione entered his appearance as co-counsel in the instant *Salaam* case. *See* ECF No. 51-1 ("Def. Brief") at 3; ECF No. 55 ("Pl. Brief") at 6. At the teleconference with the Undersigned on the following day, Mr. Maglione disclosed his familiarity with the defendants in the instant case because of the *Tullis* Suit, though he did not refer to the *Tullis* Suit by name, as well as Plaintiff's intention to move to amend its pleadings a fourth time to include Officer Morton as a defendant. Pl. Brief at 7; Def. Brief at 9. While the Undersigned stated on the record at the February 4, 2022 teleconference that Mr. Maglione's "familiarity [with the *Salaam* case] is fine," ECF No. 54 at 5, the Court notes that Mr. Maglione did not disclose that he had deposed Officer Morton three weeks prior, nor that the deposition included matters relevant to the instant *Salaam* case. *See* Def. Brief at 9.

The City asserts that in light of Mr. Maglione's subsequent appearance in the *Salaam* suit,

4

certain questions at the January 12, 2022 deposition of Officer Morton in the *Tullis* Suit were "improper" and were "geared with the sole purpose . . . of bolster[ing] the *Salaam* case against Morton and the other officers." *Id.* at 5-9. The City additionally alleges that before the February 4, 2022 conference began in the instant case, Mr. Maglione disclosed "confidential substantive information related to the *Salaam* investigation" to the City's Counsel, Mr. Lipshutz, while Plaintiff's co-counsel Mr. Davis was on the line, thus violating the *Tullis* Confidentiality Order. *Id.* at 9. The City claims that this violation, as well as Mr. Maglione's failure to be forthcoming about his deposition of Officer Morton in the *Tullis* Suit in January of 2022 and the questionable timing of Mr. Maglione's appearance in the instant matter, are grounds for disqualification. *See id.* at 14.

In Plaintiff's opposition, Mr. Maglione notes that as early as September of 2019 he invoked the *Salaam* shooting during depositions in the *Tullis* Suit, as the incidents were similar in both nature and timeframe and involved the same small group of officers. Pl. Brief at 3, 6 n.2. Additionally, Mr. Maglione disputes the City's allegation that he disclosed confidential information from the *Tullis* Suit to his co-counsel in the instant case, Mr. Davis, asserting that "[t]he confidential fact from the *Tullis* matter came up in a telephone call between Messrs. Lipshutz and Maglione before Mr. Davis, who was not present, joined the conference call with the court." *Id.* at 7-8 n.4. Mr. Maglione further states that no document marked "confidential" from the *Tullis* Suit "has yet been seen . . . by Mr. Davis or discussed with him." *Id.* In sum, Plaintiff argues, "Defendant has not alleged any conflict of interest, has no evidence beyond speculation of any breach of the *Tullis* confidentiality order, and no basis to disqualify any attorney for the Plaintiff." *Id.* at 8.

## II.     DISCUSSION

Local Civil Rule 103.1(a) governs issues of professional ethics and provides that "[t]he Rules of Professional Conduct of the American Bar Association ("RPC"), as revised by the New Jersey Supreme Court, shall govern the conduct of members of the bar admitted to practice" in this District. Accordingly, "New Jersey courts are the primary authority when applying the Rules of Professional Conduct to controversies." *Chi Ming Yau v. He Cheng Rest. Corp.*, No. 12-6754, 2015 WL 3540596, at *4 (D.N.J. June 2, 2015). The burden is on the moving party to prove that disqualification is appropriate "either because a RPC was violated or because sufficient doubt exists as to the propriety of further representation." *Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo*, 144 F.R.D. 235, 238 (D.N.J. 1992).

<u>Whether There Has Been A Violation of the RPCs</u>

Before reaching the issue of disqualification, the Court must first determine whether there has been a violation of the RPCs; however, a specific violation is not a prerequisite for disqualification nor is it guaranteed that disqualification will result if a violation is found. *See Essex Cnty. Jail Annex Inmates v. Treffinger*, 18 F. Supp. 2d 418, 439 (D.N.J. 1998)); *Wyeth v. Abbott Labs.*, 692 F. Supp. 2d 453, 457 (D.N.J Feb. 8, 2010). A court has a strong interest in "preserving the integrity of its proceedings," *United States v. Voigt*, 89 F.3d 1050, 1076 n.12 (3d Cir. 1996), and Courts are thus inclined to disqualify counsel whenever counsel's actions come "too close to the line of reasonable conduct," regardless of the allegation. *Essex Cnty. Jail Annex Inmates*, 18 F. Supp. 2d at 439. Therefore, while the City has not alleged that Plaintiff's counsel committed any specific RPC violation, disqualification may still be warranted if this Court believes that the conduct of Plaintiff's counsel in any way threatens the proceedings.

Whether Disqualification of Plaintiff's Counsel Is Warranted

The Court now turns to whether disqualification is warranted under the specific facts of this case. New Jersey has "long recognized that 'a motion for disqualification calls for [the Court] to balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel.'" *Twenty-First Century Rail Corp. v. N.J. Transit Corp.*, 210 N.J. 264, 273, 44 A.3d 592, 597 (2012) (citation omitted). However, "[d]isqualification of counsel is a harsh discretionary remedy which must be used sparingly." *Cavallaro v. Jamco Prop. Mgmt.*, 334 N.J. Super. 557, 572, 760 A.2d 353, 361 (App. Div. 2000); *see also Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) ("[D]isqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'").

"Although doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified." *Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav.*, 944 F. Supp. 341, 345 (D.N.J. 1996) (quoting *Alexander*, 822 F. Supp. at 1114); *see also Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 226–27 (D.N.J. 2001) ("A party seeking disqualification must meet a 'heavy burden' of proof before a court will disqualify an attorney or law firm."). Such disfavor results because disqualification can be used for "tactical reasons" and "inevitably cause delay" in the proceedings. *Carlyle Towers Condo. Ass'n, Inc.*, 944 F. Supp. at 345 (citation and quotations omitted). Thus, in determining whether to disqualify counsel, the Court must closely and carefully scrutinize the facts of each case to prevent unjust results. *See Montgomery Acad. v. Kohn*, 50 F. Supp. 2d 344, 349 (D.N.J. 1999).

Factors that this Court should consider in determining whether disqualification is warranted

include: (1) prejudice to Plaintiff, (2) prejudice to Defendants, (3) whether Mr. Maglione's representation of the plaintiff in the *Tullis* Suit has allowed Plaintiff to access any confidential information relevant to this case; (4) the cost—in terms of both time and money—for Plaintiff to retain new counsel; (5) the complexity of the issues in the case and the time it would take new counsel to acquaint themselves with the facts and issues; and (6) which party, if either, was responsible for creating the conflict. *See Wyeth*, 692 F. Supp. 2d at 459 (citing *Carlyle Towers Condo. Ass'n, Inc.*, 944 F. Supp. at 348).

The City asserts two main claims: first, that Mr. Maglione's failure to disclose his direct involvement in the *Tullis* suit and the deposition of Officer Morton on January 12, 2022 displays a lack of candor to this Court; and second, that Mr. Maglione violated the *Tullis* Confidentiality Order by sharing information with Mr. Lipshutz in the presence of Mr. Davis prior to the status conference before the Undersigned on February 4, 2022 in this matter. Notably, the City does not assert a conflict of interest pursuant to RPC 1.7(a), nor a lack of candor towards the tribunal pursuant to RPC 3.3, but instead alleges Mr. Maglione's general lack of candor to this Court threatens the integrity of the proceedings and warrants disqualification.

Weighing all the above considerations, the Court finds that disqualification of Plaintiff's counsel is not warranted. Given the high burden it must meet, the City has failed to present sufficient evidence demonstrating that the integrity of this proceeding would be genuinely at risk should Mr. Maglione, Mr. Barsimanto, and Mr. Davis continue to represent Plaintiff.

While the length of time between Mr. Maglione's deposition of Officer Morton in the *Tullis* Suit and his firm's appearance in the instant matter was admittedly short, Mr. Maglione has adequately demonstrated that he has been asking the defendants in the *Tullis* Suit about the *Salaam* shooting as far back as September 17, 2019, both to establish a *Monell* claim and because the

8

*Salaam* and *Tullis* incidents "happened within scarcely more than a year of one another, both were lethal, and both involved the same small group of officers." Pl. Brief at 6 n.2.

Additionally, although the City alleges that Mr. Maglione has displayed a lack of candor to this Court, the Court finds that the evidence cited by the City does not satisfy the "heavy burden" and "high standard of proof" necessary to disqualify a lawyer. *Carlyle Towers Condo. Ass'n, Inc.*, 944 F. Supp. at 345 (quoting *Alexander*, 822 F. Supp. at 1114). Though Mr. Maglione did not disclose to the Court at the February 4, 2022 teleconference that he had deposed Officer Morton three weeks prior, the Court does not find such omission egregious enough to warrant disqualification. Further, Mr. Maglione admitted to the Court on the record at the February 4th teleconference that he was familiar with the instant case because he represents a plaintiff in another case against the same defendants as the instant matter. ECF No. 54 at 5. Rather than exhibiting a lack of candor, Mr. Maglione appears to have been frank with the Court in his first appearance in this matter.

Finally, the City's allegation that Mr. Maglione has disclosed confidential information from the *Tullis* Suit to his co-counsel Mr. Davis in the instant case is speculative and satisfactorily disputed in Plaintiff's opposition brief. The Court further notes that the balance of the *Wyeth* factors, particularly the cost—in terms of both time and money—for Plaintiff to retain new counsel, especially since Mr. Maglione is already familiar with the facts of this four-year-old case, weigh in favor of allowing Plaintiff's counsel to continue their representation. *See Wyeth*, 692 F. Supp. 2d at 459.

### III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 4th day of August, 2022,

**ORDERED** that the City's motion to disqualify counsel [Dkt. No. 51] is **DENIED**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**